UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,

v.

CHRISTIAN BROTHERS AUTOMOTIVE,

    Defendant.

_____/

Case No. 1:21-cv-740

Hon. Janet T. Neff

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff David Angel Fuentes, III against defendant Christian Brothers Automotive.[1] This matter is now before the Court on defendant's motion to dismiss for lack of jurisdiction (ECF No. 14) and plaintiff's "Motion for judgment on the pleadings and leave to amend amount of damages" (ECF No. 17).

Plaintiff set forth the following allegations in his complaint. On January 8, 2021, plaintiff took his 2007 Saturn VUE in "to repair the vehicle and remove a check engine light also to check with all repairs that needed to be done with the check engine light." Compl. (ECF No. 1, PageID.1-2); Courtesy Inspection (ECF No. 1-1, PageID.6). Defendant found one error code and gave an estimate of $1,796.81 to perform repairs. Compl. at PageID.1; Invoice (ECF No. 1-1, PageID.15).[2] The invoice listed eight different matters addressed by defendant: (1) engine computer/performance testing ($99.95 labor); (2) purge solenoid, R&R[3] ($59.98 labor), vapor

---

[1] Defendant points out that its correct name is "GMD INDUSTRIES, INC. d/b/a CHRISTIAN BROTHERS AUTOMOTIVE 28TH AND KALAMAZOO." See Motion to dismiss (ECF No. 14).

[2] The Court notes that the complaint referred to an estimate of "$1,7961.81." Compl. at PageID.1. Presumably, the estimate was the amount of the invoice ($1,796.81).

[3] Presumably, "remove and replace".

canister vent valve ($28.95 part), and vapor canister vent solenoid harness ($34.96 part); (3) electrical diagnosis to trace the failed part ($109.95 labor); (4) fuel pump assembly, R&R ($275.88 labor), fuel pump module assembly ($599.99 part), exhaust pipe flange gasket ($0.00 part); (5) courtesy inspection ($0.00 labor); (6) right front caliper, R&R front disc brake caliper ($49.98 labor), disc brake caliper ($100.74 part); (7) brake flush, replacement of all brake fluid to remove contaminants from every brake component ($64.95 labor), DOT 4 brake fluid ($61.32 part); and (8) driver's side mirror assembly ($59.98 labor) and ($150.00 part). *Id.* at PageID.15-16.

Plaintiff alleged that defendant "guaranteed that through there [sic] 'nice difference warranty' all issues would be resolved, and if any issues to bring the vehicle back." Compl. at PageID.2. According to plaintiff, "[a]fter about a day are [sic] two of getting the vehicle back, the check engine light came back on." *Id.* Plaintiff took the vehicle back to defendant to check it out. "About the next day," defendant informed plaintiff that six more error codes came up and these were not covered by the warranty. Plaintiff "called up a Mechanic who then took him to pick his vehicle up form [sic] [defendant] and address the new estimate." *Id.* The new mechanic "saw that some of the repairs to the vehicle caused further damage that may have led to the seven new codes which indicates issues such as leaking fluid around the spark plugs." *Id.* Defendant wanted $1,412.62 to perform further repairs. *Id.* Plaintiff's "mechanic understood that this is price gouging and informed the supervisor that the company is ripping him off." *Id.* Plaintiff paid his mechanic $600.00 to perform the repairs. *Id.* 96.81

Plaintiff alleged four claims, all brought pursuant to a state statute, M.C.L. § 445.903 ("Unfair, unconscionable, or deceptive methods, acts, or practices; promulgation of rules"). First, plaintiff claims breach of warranty. For his relief, plaintiff seeks damages consisting of a full refund of his payment to defendant ($1,796.81) and the money paid to "his" mechanic

2

($600.00) "to repair the vehicle from the damages done by [defendant]." *Id*. at PageID.3.  Second, plaintiff claims "intentional infliction of emotional distress pain and suffering" because he "cannot sleep worried and scared also very mad and upset [defendant] had failed to honor their service and it is fairly traceable that [defendant] caused additional damages so that [plaintiff] could come back and pay them for more repairs." *Id*.  Plaintiff seeks $75,000.00 for this claim.  *Id*.  Third, plaintiff claims that defendant is liable "for the issues caused to his vehicle to obtain future service that he Sifuentes would basically have no choice to do so his vehicle would not break down, also intentional infliction of emotional distress as mentioned in this complaint." *Id*. at PageID.3-4. Plaintiff seeks $150,000.00 for this claim.  *Id*. Fourth, plaintiff alleged that defendant "price gouged" him "by charging him more money for used and or third party parts than new parts, also for repairs and seeking to 'price gouge' for more repair service." *Id*. at PageID.4. It is unclear what relief plaintiff seeks on this claim.  *Id*.

In all, plaintiff seeks total damages from defendant in the amount of $152,396.81. *Id*.  As discussed, *infra*, plaintiff filed a motion to amend the complaint to increase his demand to $10,000,000.00 in damages.

    **II.**    **Discussion**

    **A.**    **Lack of subject matter jurisdiction**

Defendant seeks to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Plaintiff has two potential sources of jurisdiction, federal question jurisdiction and diversity jurisdiction. In resolving defendant's motion to dismiss, the Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*. Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

"Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Here, plaintiff's complaint did not allege any federal cause of action which would establish federal question jurisdiction. All of his claims arise from the alleged violation of a Michigan statute, M.C.L. § 445.903.

Next, the federal diversity statute, 28 U.S.C. § 1332, provides in pertinent part that,

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1). Here, plaintiff did not allege that the parties are citizens of different states. In this regard, the record suggests that both parties are citizens of Michigan: plaintiff lists his

4

residence as Grand Rapids, Michigan, and defendant operates its business in Grand Rapids, Michigan.  *See* Compl. at PageID.4; Invoice at PageID.14.  For all of these reasons, defendant's motion should be granted and the complaint dismissed for lack of subject matter jurisdiction.

### B. Plaintiff's combined motion

About three months after filing his response to defendant's motion to dismiss, plaintiff filed a combined motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and to amend his complaint.

#### 1. Plaintiff failed to serve the combined motion

As an initial matter, plaintiff did not serve the combined motion on defendant.  In his certificate of service, plaintiff states that he emailed a copy of the motion to defendant's counsel.  *See* Certificate of Service (ECF No. 17, PageID.55).  This is not service as required under Fed. R. Civ. P. 5, W.D. Mich. LCivR 5.2, or W.D. Mich. LCivR 5.7.  Plaintiff is not an attorney and not authorized to serve documents electronically.  *See generally*, W.D. Mich. LCivR 5.7.  *See specifically*, W.D. Mich. LCivR 5.7(i) (ii) ("Paper filed documents and sealed documents must be served on registered attorneys by nonelectronic means of service. A proof of service must be filed.").  Accordingly, plaintiff's combined motion, which he never served on defendant, is not properly before the Court and should be denied.

#### 2. Motion for judgment on the pleadings

Even if plaintiff had properly filed and served his combined motion, it should be denied.  First, plaintiff moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which provides that, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Plaintiff's motion is moot because this Court has no subject matter jurisdiction over his claims alleged in the complaint.

In this regard, plaintiff appears to believe that he can seek judgment on the pleadings because he mentioned a federal statute, the Magnuson-Moss Warranty Act, in his *response* to defendant's motion. See Plaintiff's Response (ECF No. 16, PageID.45-46). In plaintiff's words,

> [Plaintiff] seeks judgment on the pleadings in regards of his "warranty claim" as stated in [Plaintiff's] Sifuentes reply in opposition against Christian Brothers. Under the Magnuson-Moss Warranty Act, 15 U.S.C. sec. 2301 et seq, (the "Warranty Act"), which requires that a litigant present state law claims in federal court under the act. *See e.g. Clemens v. DaimlerChrysler Corp.*, 534 f.3d 101 7, 1022 n. 3 (9th Cir. 2008). 28 USC sec. 1367. *See also Pack V, Damon Corp.*, 434 F.3d 810 (6th Cir. 2006) (the Sixth Circuit allowed claims of Michigan warranty and other state laws to proceed in federal court).

Motion for Judgment at PageID.53 (emphasis omitted). As discussed, plaintiff's complaint alleged violations of state law. Plaintiff's complaint did not allege a violation of the Magnuson-Moss Warranty Act. While *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz*, 100 Fed. Appx. at 338. Here, plaintiff's pleading does not allege a violation of the Magnuson-Moss Warranty Act. Accordingly, plaintiff's motion for judgment on the pleadings should be denied.

### 3. Motion to amend

Finally, plaintiff moved to amend his complaint to increase his alleged damages to $10,000,000.00. Fed. R. Civ. P. 15 provides in pertinent part,

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). There is no evidence that defendant consented to the proposed amendment or that plaintiff sought concurrence to his motion to amend as required by W.D. Mich. LCivR 7.1(d). Here, justice does not require the Court to allow plaintiff to amend his complaint. As discussed, plaintiff's complaint does not include any basis for federal subject matter

6

jurisdiction. The proposed amendment does not correct this deficiency. Rather, plaintiff's amendment simply seeks to raise his request for damages from $152,396.81 to $10,000,000.00. Accordingly, the motion to amend should be denied.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that defendant's motion to dismiss (ECF No. 14) be **GRANTED**, that plaintiff's combined motion for judgment on the pleadings and to amend (ECF No. 17) be **DENIED**, and that this action be **DISMISSED**.


Dated:  July 1, 2022                              /s/ Ray Kent
                                                  RAY KENT
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).